IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02509-WYD-BNB

MAYFLOWER TRANSIT, L.L.C.,

Plaintiff,

v.

MARYBETH BRUCHWALSKI, and
RONALD BRUCHWALSKI,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Request for Enter Default Judgment Under Fed. R. Civ. P. 55(b)** [Doc. # 26, filed 5/3/2013] (the "Motion for Default Judgment"). I respectfully RECOMMEND that the Motion for Default Judgment be GRANTED and that judgment enter in favor of the plaintiff and against the defendant in the amount of $ $5,984.78, plus costs to be awarded upon the filing of a bill of costs as provided in D.C.COLO.LCivR 54.1.

I.  LEGAL STANDARD

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b) Entering a Default Judgment.**
> **(2) *By the Court*.**  In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court

>may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>**(A)** conduct an accounting;
>**(B)** determine the amount of damages;
>**(C)** establish the truth of any allegations by evidence; or
>**(D)** investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 852 F.2d 1463, 1468 (10th Cir. 1987).

"After an entry of default, a defendant cannot defend a claim on the merits." Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003). In addition:

>Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . . Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63.

## II. FINDINGS AND CONCLUSIONS

I find and conclude as follows:

1. This action was commenced by the filing of a Complaint [Doc. # 1, filed 9/21/2012] seeking the collection of charges for a shipment moving in interstate commerce pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 14705, 13706, and 13702. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1337.

2. Service of process was perfected against Ronald Bruchwalski on November 29, 2012, by personally leaving with him the Summons and a copy of the Complaint. Return of

Service [Doc. # 15].  Marybeth Bruchwalski waived and accepted service of the Summons and a copy of the Complaint on December 27, 2012.  Waiver and Acceptance of Service [Doc. # 17].

3. The defendants failed to answer or otherwise respond to the Complaint within the time allowed, and neither of them has ever answered or otherwise responded.  Consequently, the Clerk of the Court entered a default against the defendants pursuant to Fed. R. Civ. P. 55(a) on March 11, 2013.  Clerk's Entry of Default [Doc. # 24].

4. The defendants are not infants, incompetent persons, officers or agencies of the United States or the State of Colorado, or in the military service.

5. The Complaint alleges, and it is now undisputed, that the defendants entered into a contract with the plaintiff for the interstate shipment of their personal property and household goods from Prospect, Pennsylvania, to Estes Park, Colorado.  The household goods and personal property were delivered by the plaintiff to the defendants in Estes Park, Colorado, on or about December 17, 2011.  Despite timely and repeated demands, the defendants have failed and refused to pay outstanding transportation charges in the amount of $5,984.78.

## III.  ANALYSIS

I find that the plaintiff has established that the defendants breached their Interstate Transportation Contract with Mayflower Transit, LLC.

The Affidavit of Janice Eye [Doc. # 26-2] establishes that the amount of damages due for breach of the Interstate Transportation Contract is a sum certain in the amount of $5,984.78.

## IV.  RECOMMENDATION

I respectfully RECOMMEND that the Motion for Default Judgment [Doc. # 26] be GRANTED and that judgment enter in favor of the plaintiff and against the defendants, jointly

and severally, as follows:

      (a)    For actual damages for breach of the Interstate Transportation Contract in the amount of $5,984.78; and

      (b)    For costs upon the filing of a bill of costs as provided in D.C.COLO.LCivR 54.1.[1]

Dated June 14, 2013.

              BY THE COURT:

              s/ Boyd N. Boland
              United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).